UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| JONATHAN ANAND, | ) | Case No. 23-50762-SCS |
| Debtor. | ) | |
| BRIAN DONNELLY AKA KAWS and KAWS INC., | ) | |
| Plaintiffs, | ) | Adv. Proc. No. 24-05001 |
| v. | ) | |
| JONATHAN ANAND, both individually and doing business as HOMELESS PENTHOUSE, PENTHOUSE THEORY, HIDEOUT.NYC, INCOGNITO and YOUNG NEON, | ) | |
| Defendants. | ) | |

**MOTION TO WITHDRAW THE REFERENCE AND MOTION TO TRANSFER CASE TO THE SOUTHERN DISTRICT OF NEW YORK**

Brian Donnelly a/k/a KAWS and KAWS, Inc. (collectively referred to herein as "Plaintiffs"), by counsel, for their Motion to Withdraw the Reference and Motion to Transfer Case to the Southern District of New York based on 28 U.S.C. Section 157, Rule 5011 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 5011-1, and 28 U.S.C. Section 1404(a) state as follows:

1. On February 2, 2024, Plaintiffs filed an adversary proceeding (the "Adversary Proceeding") and a Complaint against Chapter 7 Debtor, JONATHAN ANAND, both

individually and doing business as HOMELESS PENTHOUSE, PENTHOUSE THEORY, HIDEOUT NYC, INCOGNITO and YOUNG NEON (hereinafter the "Debtor" or "Anand") in the Chapter 7 bankruptcy case known as Case No. 23-50762-SCS ("Case") alleging claims against the Debtor based on violations of Federal laws which were part of a suit filed in the United States District Court for the Southern District of New York ("SDNY District Court") prior to the filing of Anand's bankruptcy case and asserting that those claims are nondischargeable pursuant to Section 523(a)(6) of the Bankruptcy Code.

2. The Adversary Proceeding is scheduled for a pretrial conference on May 17, 2024.

3. On March 27, 2024, the Court entered a scheduling order setting a deadline of April 26, 2024 for any party to file a Motion to Withdraw the Reference or other relief.

4. For the reasons set forth below, Plaintiffs are hereby requesting a withdrawal of the reference and transfer of the Case to the SDNY District Court.

5. Federal district courts have original jurisdiction over all bankruptcy matters and cases, but these courts are permitted by statute to refer these types of proceedings to bankruptcy courts as a matter of course. *See* 28 U.S.C. § 1334 (a) & (b); *see also In the Matter of The Administration of the Bankruptcy Court and Reference of Bankruptcy Cases and Proceedings to the Bankruptcy Judges of this District* (E.D. Va. August 15, 1984) (Order). Additionally, pursuant to 28 U.S.C. § 157(d), district courts may, and in certain instances must, withdraw reference of such proceedings in whole or in part.

6. The controlling order in the Eastern District of Virginia on referral of such matters provides as follows: "The district court ***shall***, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires

2

consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* § 157(d) (emphasis added). Moreover, "[T]he district court ***may*** withdraw, in whole or in part, any case or proceeding referred to [to the bankruptcy court], on its own motion or on timely motion of any party, for cause shown." *Id.* § 157(d) (emphasis added). Thus, there are two standards for withdrawal of the reference with one being mandatory and the other being discretionary.

7. Withdrawal of the reference is mandatory if a decision on the claim requires substantial and material consideration of non-Bankruptcy Code statutes which have more than a *de minimis* impact on interstate commerce. *See Walker v. LVNV Funding, LLC,* 2014 WL 7409525, at *2 (N.D. Ala. Dec. 31, 2014); *see also In re: Price,* 2007 WL 2332536, at *2 (M.D. Ala. Aug. 13, 2007) (quoting *In re TPI Intern. Airways*, 222 B.R. 663, 667 (S.D. Ga. 1998); *Abrahams v. Phil-Con Services, LLC*, 2010 WL 4875581 (S.D. Ala. Nov. 23, 2010).

8. At bar, Plaintiffs can establish grounds for mandatory withdrawal of the reference due to the nature of the claims asserted in Plaintiffs' Complaint. As set forth in the Complaint filed by Plaintiffs with the Bankruptcy Court on February 2, 2024, a copy of which is attached as Exhibit 1, Plaintiffs' claims relate to copyright and trademark infringement and illegal use of Federally registered copyrights and trademarks ("Registered Trademarks and Copyrights") by the Debtor. The Debtor is in violation of applicable Federal Trademark and Copyright Laws which involve sale, distribution, promoting and/or advertising counterfeit goods in interstate and international commerce through internet and e-mail.

9. Federal Trademark and Copyright Laws are non-title 11 Federal laws impacting interstate commerce. As Plaintiffs have pleaded that the Debtor has infringed on Plaintiffs' Registered Trademarks and Copyrights and violated Federal Trademark and Copyright Laws, a decision on Plaintiffs' Complaint will require substantial "consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce" and the Case is subject to mandatory withdrawal. *See* 28 U.S.C. § 157(d). Accordingly, the reference must be withdrawn as requested by Plaintiffs.

10. Notwithstanding that Plaintiffs' claims are subject to mandatory withdrawal based on the factors set forth above, Plaintiffs can also establish grounds for permissive withdrawal.

11. When addressing a request to permissively withdraw the reference, discretion falls to the judge to evaluate each motion on a case-by-case basis by weighing all the factors presented, including the core/non-core nature of claims raised. *See U.S. Airways Group, Inc.*, 296 B.R. 673, 683 (E.D. Va. 2003). The burden falls to the moving party to show cause for the permissive withdrawal of reference. *Id*.

12. In determining whether cause exists for permissive withdrawal, courts consider the following factors: "(1) whether the matter at issue between the parties is 'core' within the meaning of Section 157(b)(2) of the Bankruptcy Code; (2) uniformity of bankruptcy administration; (3) forum shopping; (4) conservation of creditor and debtor resources; (5) expediency of the bankruptcy proceeding; (6) the likelihood of a jury trial." *Albert v. Site Management, Inc.*, 506 B.R. 453, 455 (D. Md. 2014). If the moving party is able to show that the action meets the requirements for discretionary withdrawal based on the consideration of the factors listed above, the court should grant a motion for withdrawal of reference.

13. The most important inquiry in determining whether cause exists to permissibly withdraw the reference is whether the action is "core" or "non-core" within the meaning of 28 U.S.C. §157(b)(2). A core proceeding must "arise under" title 11 or "arise in" a title 11 case. *See* 28 U.S.C. §157(b)(1)-(2); *see also Stern v. Marshall*, 564 U.S. 462, 466-67, 131 S. Ct. 2594 (2011). A proceeding "arises under" the Bankruptcy Code if Federal bankruptcy law creates the cause of action or if the plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal bankruptcy law. *See Poplar Run Five*, 192 B. R. at 855. Proceedings "arising in" a bankruptcy case are those that "are not based on any right expressly created by [the Bankruptcy Code], but nevertheless, would have no existence outside of the bankruptcy." *Bergstrom v. Dalkon Shield Claimants Trust (In re A. H. Robins Co.)*, 86 F. 3d 364, 372 (4th Cir. 1996) (quoting *Ward v. Wood (Matter of Wood)*, 825 F. 2d 90, 97 (5th Cir.1987)); *see also Grausz v. Englander,* 321 F.3d 467 (4th Cir. 2003).

14. A non-core proceeding that nonetheless "relates to" a title 11 case may still be referred to a bankruptcy judge; however, the bankruptcy judge may only submit proposed findings of fact and conclusions of law to the district court to review *do novo*. *Id.* at 475; *see also Humboldt Express, Inc. v. Wise Co. (In re Apex Express Corp.)*, 190 F. 3d 624, 630 (4th Cir. 1999). At bar, as Plaintiffs' Complaint is non-core and not "related to" a title 11 claim, it should be withdrawn.

15. Plaintiff's Complaint states a claim against the Debtor based on Federal Trade and Copyright Laws for the Debtor's alleged copyright and trademark infringement and illegal use of Federally Registered Trademarks and Copyrights. It would not be proper for the Bankruptcy Court to adjudicate those types of claims.

5

16. Additional considerations weigh in favor of permissive withdrawal of the reference. Efficiency concerns weigh in favor of withdrawal. Because the claims are non-core, the Bankruptcy Court will not be able to issue a final judgment on the claims in question, which will ultimately be subject to *de novo* review by the district court. The duplication of proceedings would be inefficient, justifying withdrawal of the reference. *See In re Peanut Corp. of Am.*, 407 B.R. 862, 866 (W.D. Va. 2010).

17. Forum-shopping is not a concern with respect to withdrawal. In fact, this presents the opposite case. Should the Court grant withdrawal of the reference, Plaintiffs will seek to transfer the matter to the Southern District of New York where Plaintiffs reside, where the claim arose and where venue is indisputably proper pursuant to 28 U.S.C. § 1391. Withdrawal will foster the economical use of the parties' and the courts' resources. As part of this motion, Plaintiffs are also asking for transfer of the case to the Southern District of New York.. The case of *Lagrou v. Monterey Fin. Servs., LLC*, 2018 WL 4903259 (E.D. Va. Oct. 9, 2018) addresses both issues of withdrawal of the reference and transfer of the case to another jurisdiction. *Lagrou* states that District Courts within the Fourth Circuit consider the following factors when determining whether a transfer of venue is appropriate: (i) the weight accorded to plaintiff's choice of venue; (ii) witness convenience and access; (iii) convenience of the parties; and (iv) the interest of justice. *See e.g.*, *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002); *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1255-62 (E.D. Va. 1988). The movant bears the burden of proving that the circumstances of the case strongly favor transfer. *See Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d at 660, 667, (E. D. Va 2010). ***A plaintiff's choice of***

<u>*venue is entitled to substantial weight*</u>. *See Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007).

18. At bar, Plaintiffs have satisfied their burden of proving that the circumstances weigh strongly in favor of transferring the case to the SDNY District Court. Prior to the filing of the Debtor's bankruptcy case, Plaintiffs filed a suit against Anand known as Case No. 1:21-cv-09562-PKC ("SDNY District Court Case"). The SDNY District Court Case has been pending for more than two years prior to the bankruptcy case. The SDNY District Court Case involves the same claims as those asserted in the Adversary Proceeding. Plaintiffs chose the SDNY District Court as the venue for their trademark and copyright infringement suit because of the nature of the types of claims asserted against Anand, the court's expertise in evaluating and ruling on such claims, and because this venue is a convenient venue for Plaintiffs and their witnesses. As the claims alleged in Plaintiffs' Complaint filed in the bankruptcy case on February 2, 2024 first were alleged in the SDNY District Court Case, which has been pending since 2021, the District Court Judge in that case is very familiar with the nature of the claims alleged by Plaintiffs and has made several rulings relating to discovery and potential sanctions in that case that directly relate to the non-dischargeability claims Plaintiffs is asserting in the Adversary Proceeding.

19. The SDNY District Court is familiar with the facts and circumstances and the allegations made against Anand by Plaintiffs and is best suited to address and rule on the allegations in Plaintiffs' Complaint since these allegations involve violations of Federal Trademark and Copyright Laws and the damages associated therewith.

20. A designation of those portions of the record of the case or proceeding in the Bankruptcy Court that Plaintiffs believe will reasonably be necessary or pertinent to the District Court's consideration of the Motion are attached hereto as Exhibit 2.

**RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT COURT JUDGE.**

WHEREFORE, for the reasons set forth in this Motion, Plaintiffs request that the Court grant their motion to withdraw the reference and transfer the case to the SDNY District Court and that the judge who has been presiding over the SDNY District Court Case be assigned to handle the transferred case and the nondischargeable claims asserted by Plaintiffs once the case has been transferred to that venue, and they pray for such other and further relief as the Court deems appropriate under the facts and circumstances of this case.

Dated:  April 26, 2024              BRIAN DONNELLY A/K/A KAWS AND
                                    KAWS INC.


                                    BY: /s/ Donna J. Hall_____
                                        Counsel

                                    Donna J. Hall
                                    GOODMAN ALLEN DONNELLY, PLLC
                                    Town Point Center
                                    150 Boush Street, Suite 900
                                    Norfolk, Virginia 23510
                                    Telephone No.:  (757)793-4422
                                    Email:  dhall@goodmanallen.com

                                    *Attorney for Plaintiffs, Brian Donnelly a/k/a KAWS
                                    and KAWS Inc.*

**CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of the Motion To Withdraw The Reference and Motion to Transfer Case to Southern District of New York filed in the above captioned adversary proceeding on JONATHAN ANAND, both individually and doing business as HOMELESS PENTHOUSE, PENTHOUSE THEORY, HIDEOUT NYC, INCOGNITO and YOUNG NEON via first class mail, postage prepaid, on April 26, 2024.

*/s/ Donna J. Hall* _____
Donna J. Hall
